# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-20-00619-CV

**The State of Texas, Appellant**

**v.**

**City of Austin, Texas; County of Travis, Texas; Steve Adler, in his Official Capacity as Mayor, City of Austin, Texas; and Andy Brown, in his Official Capacity as County Judge, County of Travis, Texas, Appellees**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-007712, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent because I disagree with the Court's analysis and conclusion that it lacks jurisdiction over this interlocutory appeal.

In reaching its conclusion that this interlocutory appeal is moot, the Court faults the State for its "conclusory statement" that the local officials began to enforce County Judge's Order 2020-24 and the Mayor's Order No. 20201229-24 (the local orders) and then relies on the lack of evidence in "the record" of actual enforcement of the local orders such as probable-cause affidavits. That there is no evidence in the appellate record of the local officials' enforcement efforts, however, is hardly surprising given that the hearing on the State's requested temporary relief and the trial court's ruling occurred on December 31, 2020, before the local orders went into effect.

The Court "construe[s] the local officials' arguments as to mootness" to mean that the local officials did not pursue and do not intend to pursue enforcement of any violations that occurred during the period that the local orders were in effect and "decline[s] to assume that the local officials would engage in the same conduct—enforcing the expired local orders—again." Businesses, however, remain subject to criminal prosecution for non-compliance with the local orders during the time period that they were in place—from 10:30 p.m. on December 31, 2020, to 6:00 a.m. on January 1, 2021—before this Court issued its temporary stay of the orders. *See In re State*, No. 21-0001, 2021 Tex. LEXIS 1, at *1 (Tex. Jan. 1, 2021) (conditionally granting mandamus relief and directing court of appeals to issue relief under Rule 29.3 "instanter, enjoining enforcement of [local orders] pending final resolution of the appeal"); *State v. City of Austin*, No. 03-20-00619-CV, 2021 Tex. App. LEXIS 1, at *1 (Tex. App.—Austin Jan. 1, 2021, order) (per curiam).[1] And in their briefing to this Court, the local officials continue to vigorously defend their authority to adopt and enforce the local orders and do not concede that the local orders were invalid or unlawful. *Cf., e.g.*, *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418–19 (Tex. 2016) (concluding that case was not moot and observing that School District's policy change could be "easily reinstated" and "the change hardly makes 'absolutely clear' that the District will not reverse itself after this litigation has concluded, without the [plaintiffs]' requested declaratory and injunctive relief").[2]

---

[1] Because the trial court denied the State's requested injunctive relief before the local orders went into effect, the record is undeveloped as to appellees' intentions concerning criminal prosecution for non-compliance of the local orders. That the trial court, after the evidentiary record is developed, ultimately may determine that the underlying case is moot does not give this Court jurisdiction to make that determination in this interlocutory appeal.

[2] *Matthews v. Kountze Independent School District* is not directly applicable here because the record does not show that appellees have voluntarily ceased any challenged conduct.

On this record and given the particular nature and expedited concerns associated with the declared emergency state of disaster of the COVID-19 pandemic along with the "public interest in having the legality of the challenged conduct settled," *cf. id.* at 418, I would conclude that this interlocutory appeal is not moot and address the substance of the State's appellate issue. Further, informed by the Texas Supreme Court's directive to this Court and our sister court's analysis in *El Paso County*, I would conclude that the State established a probable right to relief and irreparable injury and sustain the State's issue. *See In re State*, 2021 Tex. LEXIS 1, at *1; *State v. El Paso County*, No. 08-20-00226-CV, 2020 Tex. App. LEXIS 8872, at *29–30 (Tex. App.—El Paso Nov. 13, 2020, no pet.) (mem. op.); *see also State v. Naylor*, 466 S.W.3d 783, 390 (Tex. 2015) ("As a sovereign entity, the State has an intrinsic right to enact, interpret, and enforce its own laws."). Thus, I respectfully dissent.

---

*See* 484 S.W.3d 416, 418 (Tex. 2016) ("A defendant's cessation of challenged conduct does not, in itself, deprive a court of the power to hear or determine claims for prospective relief."). Nevertheless, *Matthews* provides some guidance here and stands for the general principle that a defendant's potential conduct in the future, even in the face of a current cessation of the challenged conduct, may overcome mootness in establishing jurisdiction.

In *Matthews*, cheerleaders, through their parents, sued the School District "after the District prohibited them from displaying banners containing religious signs or messages at school-sponsored events." *Id.* at 417. The School District sought to dismiss the case as moot after it adopted a resolution and order that no longer prohibited the cheerleaders from displaying banners with religious signs or messages but maintained the School District's authority to restrict the content of banners. *Id.* at 418–19. In that context, the Texas Supreme Court concluded that the case was not moot, observing that the School District's prohibition could be "easily reinstated" and "the change hardly makes 'absolutely clear' that the District will not reverse itself after this litigation has concluded, without the cheerleaders' requested declaratory and injunctive relief." *Id.* at 419. The court recognized: "[W]hile there are cases where the defendant's voluntary conduct yielded mootness in the absence of an admission by the defendant that the challenged conduct was illegal, those cases generally involved conduct that could not be easily undone, and thus foreclosed a reasonable chance of recurrence." *Id.* The court reasoned that if a defendant's cessation of challenged conduct mooted a claim for prospective relief, "defendants could control the jurisdiction of courts with protestations of repentance and reform, while remaining free to return to their old ways," which "would obviously defeat the public interest in having the legality of the challenged conduct settled." *Id.* at 418.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Filed:   April 8, 2021